IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO: 7:20-CV-00223-BO

| | |
|---|---|
| SARA L. CROWE, | |
| Plaintiff, | |
| v. | **ANSWER** |
| O. WESLEY STEWART, individually and in his official capacity as the Director of Pender County Department of Social Services, | **AND AFFIRMATIVE DEFENSES** |
| PENDER COUNTY DEPARTMENT OF SOCIAL SERVICES, | |
| Defendants. | |

NOW COME Defendants, O. Wesley Stewart, individually and in his official capacity as the Director of Pender County Department of Social Services, and Pender County Department of Social Services, by and through undersigned counsel, and hereby answers the Plaintiff's Complaint as follows:

PRELIMINARY STATEMENT

To the extent a response to the Preliminary Statement is required, Defendants admit that Sara L. Crowe is a former social worker for Pender County Department of Social Services and that she was terminated. Except as admitted, the allegations of the Preliminary Statement are denied.

PARTIES

1. Defendants have insufficient knowledge to admit or deny the allegations as to Plaintiff's residency and therefore deny the same. As to the allegation with respect to grantee

1

under 41 U.S.C. § 4712(a)(2)(G), the allegations of Paragraph 1 of the Complaint are denied as stated.

2. The allegations of the first two sentences of Paragraph 2 of the Complaint are admitted. As to the third sentence of Paragraph 2 of the Complaint, it is admitted that Defendant Pender County participates in a risk pool and the documents with respect to the insuring agreement speak for itself. Except as admitted, the allegations in Paragraph 2 of the Complaint are denied.

3. It is admitted that Defendant Pender County Department of Social Services is located in Pender County, North Carolina. Except as admitted, the allegations of Paragraph 3 of the Complaint are denied.

4. The allegations of Paragraph 4 of the Complaint are denied as stated.

5. The allegations of Paragraph 5 of the Complaint are denied as stated.

6. The allegations of Paragraph 6 of the Complaint are denied as stated.

## JURISDICTION AND VENUE

7. The allegations of Paragraph 7 of the Complaint are admitted upon information and belief.

8. The allegations of Paragraph 8 of the Complaint are admitted upon information and belief.

## FACTS

9. The allegations of Paragraph 9 of the Complaint are admitted upon information and belief.

10. It is admitted that Plaintiff is a social worker with more than thirteen years' experience. As to the remaining allegations of Paragraph 10 of the Complaint, the work

2

Case 7:20-cv-00223-BO    Document 11    Filed 01/22/21    Page 2 of 11

performance evaluations speak for themselves. Accordingly, the remaining allegations of Paragraph 10 of the Complaint are denied as stated.

Falsified Petition

11. It is admitted that on or about December 14, 2018, Plaintiff was called into a meeting to discuss the intake of a new case and the removal of children. As to the remaining allegations of Paragraph 11 of the Complaint, counsel for Defendant has requested that the Complaint be refiled under seal because of concerns regarding confidentiality. Except as admitted, the remaining allegations of Paragraph 11 of the Complaint are denied.

12. It is admitted that Plaintiff was not the assigned social worker on the case. Except as admitted, the allegations of Paragraph 12 of the Complaint are denied.

13. The allegations of Paragraph 13 of the Complaint are denied.

14. The allegations of Paragraph 14 of the Complaint are denied.

15. Admitted upon information and belief that a petition was placed on Plaintiff's desk. Except as admitted, the allegations of Paragraph 15 of the Complaint are denied.

16. The allegations of Paragraph 16 of the Complaint are denied.

17. The allegations of Paragraph 17 of the Complaint are denied.

18. It is admitted that Plaintiff was relatively new with Pender County DSS as in fact was still on probation, and that she went to the courthouse with the petition. Except as admitted, the allegations of Paragraph 18 of the Complaint are denied.

19. The allegations of Paragraph 19 of the Complaint are denied upon information and belief.

20. The allegations of Paragraph 20 are allegations which are not within the first-hand knowledge of Defendants. Accordingly, Defendants lack information sufficient to admit or deny the allegations of Paragraph 20 of the Complaint and therefore deny the same.

21. It is admitted upon information and belief that Plaintiff contacted her acting supervisor. Except as admitted, the allegations of Paragraph 21 are denied.

22. The allegations of Paragraph 22 of the Complaint are admitted upon information and belief.

23. The allegations of Paragraph 23 of the Complaint are denied.

24. It is admitted that Plaintiff was instructed to file the petition. It is denied there was any violation of CPS Intake Protocol. Except as admitted, the allegations of Paragraph 24 of the Complaint are denied as stated.

25. The allegations of Paragraph 25 of the Complaint are denied upon information and belief.

26. It is admitted that Plaintiff handwrote an addendum on the petition. Except as admitted, the allegations of Paragraph 26 of the Complaint are denied.

27. It is admitted that Plaintiff informed various individuals at DSS that she amended the petition. Except as admitted, the allegations of Paragraph 27 of the Complaint are denied.

28. The allegations of Paragraph 28 of the Complaint are denied as stated.

29. The allegations of Paragraph 29 of the Complaint are denied.

30. The allegations of Paragraph 30 of the Complaint are denied.

31. The allegations of Paragraph 31 of the Complaint are denied.

32. The allegations of Paragraph 32 of the Complaint are denied.

## Refusal to Remove

33. The allegations of Paragraph 33 of the Complaint are admitted on information and belief.

34. It is admitted that Plaintiff conducted interviews and observations of the home. Except as admitted, the allegations of Paragraph 34 of the Complaint are denied as stated.

35. It is admitted that Plaintiff assisted in connecting the consumer with local assistant programs. Except as admitted, the allegations of Paragraph 35 of the Complaint are denied.

36. The allegations of Paragraph 36 of the Complaint are denied.

37. Defendants lack information sufficient to admit or deny what Plaintiff's investigation "revealed to Plaintiff" and accordingly deny the allegations of Paragraph 37 of the Complaint.

38. Defendants lack information sufficient to admit or deny the allegations of Paragraph 38 of the Complaint and therefore deny the same.

39. Admitted upon information and belief that Plaintiff approached her supervisor regarding a Team Meeting. Except as admitted, the allegations of Paragraph 39 of the Complaint are denied.

40. Admitted upon information and belief that a meeting occurred with members of the paternal family and Keisha Hooks and that neither the mother nor Plaintiff were present. Defendants deny the insinuation that such meeting was in any way improper. Except as admitted, the allegations of Paragraph 40 of the Complaint are denied.

41. The allegations of Paragraph 41 of the Complaint are denied.

42. The allegations of Paragraph 42 of the Complaint are denied.

43. The allegations of Paragraph 43 of the Complaint are denied as stated.

44. The allegations of Paragraph 44 of the Complaint are denied.

45. Admitted that Plaintiff was instructed to remove the children and refused to do so. Except as admitted, the allegations of Paragraph 45 of the Complaint are denied.

46. Defendants lack sufficient information to admit or deny the allegations of Paragraph 46 of the Complaint and therefore the allegations of Paragraph 46 of the Complaint are denied.

47. Admitted upon information and belief that the children were lawfully removed from the home. Except as admitted, the allegations of Paragraph 47 of the Complaint are denied.

48. On information and belief, it is always difficult for children when they are removed from a parent. Except as admitted, the allegations of Paragraph 48 of the Complaint are denied.

49. The allegations of Paragraph 49 of the Complaint are denied.

50. Pender County Department of Social Services regulations speak for themselves.

51. The allegations of Paragraph 51 of the Complaint are denied.

52. The allegations of Paragraph 52 of the Complaint are denied.

53. As to the allegations of the first sentence, the allegations are denied upon information and belief. As to the allegations of the second sentence, Defendants lack information sufficient to admit or deny the allegations of the second sentence of Paragraph 53 and therefore deny the same.

## Termination

54. The allegations of Paragraph 54 of the Complaint are admitted.

55. The allegations of Paragraph 55 of the Complaint are admitted.

56. The allegations of Paragraph 56 of the Complaint are admitted.

57. The termination letter speaks for itself and sets forth the reasons for termination. Except as expressly admitted, the allegations of Paragraph 57 of the Complaint are denied.

58. The allegations of Paragraph 58 of the Complaint are denied.

59. The allegations of Paragraph 59 of the Complaint are denied.

60. The allegations of Paragraph 60 of the Complaint are admitted.

61. The allegations of Paragraph 61 of the Complaint are denied.

62. The allegations of Paragraph 62 of the Complaint are denied upon information and belief.

63. The allegations of Paragraph 63 of the Complaint are denied.

64. The allegations of Paragraph 64 of the Complaint are denied.

65. Admitted that Defendants have agreed to follow all Federal and State laws, regulations and policies necessary to obtain reimbursement of federal funds. Except as admitted, the allegations of Paragraph 65 of the Complaint are denied.

FIRST CLAIM FOR RELIEF: VIOLATION 41 U.S.C. §4712

66. Defendants reallege and incorporate by reference the responses to the allegations of Paragraphs 1 through 65 as set forth herein.

67. The allegations of Paragraph 67 of the Complaint are denied.

68. The allegations of Paragraph 68 of the Complaint are denied.

69. The allegations of Paragraph 69 of the Complaint are denied.

SECOND CLAIM FOR RELIEF: VIOLATION OF NORTH CARLINA'S WHISTLEBLOWER STATUTE N.C.G.S. § 126-84

70. Defendants reallege and incorporate by reference the responses to the allegations of Paragraphs 1 through 69 as set forth herein.

71. The allegations of Paragraph 71 of the Complaint are denied.

72. The allegations of Paragraph 72 of the Complaint are denied.

73. The allegations of Paragraph 73 of the Complaint are denied.

### THIRD CLAIM FOR RELIEF: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

74. Defendants reallege and incorporate by reference the responses to the allegations of Paragraphs 1 through 73 as set forth herein.

75. The allegations of Paragraph 75 of the Complaint are denied.

76. The text of North Carolina Gen. Stat. § 14-209 is the best evidence of its contents, legal effect and legislative intent and all allegations pertaining thereto are, on that basis, denied. To the extent Paragraph 76 of the Complaint makes legal arguments, such allegations need be neither admitted nor denied and are, on that basis denied.

77. The text of North Carolina Gen. Stat. § 7B-503 is the best evidence of its contents, legal effect and legislative intent and all allegations pertaining thereto are, on that basis, denied. To the extent Paragraph 77 of the Complaint makes legal arguments, such allegations need be neither admitted nor denied and are, on that basis denied.

78. The allegations of Paragraph 78 of the Complaint are denied.

79. The allegations of Paragraph 79 of the Complaint are denied.

80. The allegations of Paragraph 80 of the Complaint are denied.

81. The allegations of Paragraph 81 of the Complaint are denied.

82. The allegations of Paragraph 82 of the Complaint are denied.

83. The allegations of Paragraph 83 of the Complaint are denied.

84. The allegations of Paragraph 84 of the Complaint are denied.

### FOURTH CLAIM FOR RELIEF: VIOLATION OF NORTH CAROLINA CONSTITUTION – FREEDOM OF SPEECH

85. Defendants reallege and incorporate by reference the responses to the allegations of Paragraphs 1 through 84 as set forth herein.

86. The allegations of Paragraph 86 of the Complaint are denied.

87. The allegations of Paragraph 87 of the Complaint are denied.

88. The allegations of Paragraph 88 of the Complaint are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. One or more of the Plaintiff's alleged causes of action fail to state a claim upon which relief can be granted as to any Defendant.

2. Plaintiff fails to state any claim for relief against the Pender County Department of Social Services. Departments and subdivisions of North Carolina counties, including the Pender County Department of Social Services, are not entities capable of being sued under North Carolina law.

3. To the extent Plaintiff alleges entitlement to a trial by jury of factual issues pertaining to waiver of sovereign immunity by acquisition of insurance, such issues are not so-triable and Plaintiff's complaint thus further fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

Defendants plead all immunities to which they are entitled in any capacity, including but not limited to qualified immunity, sovereign immunity, governmental immunity, public officer's immunity, absolute immunity, authority of law, and good faith immunity, as complete and/or partial bars to Plaintiff's claims.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages from or against the answering defendant as a matter of law.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by failure to exhaust administrative remedies.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claim under the North Carolina Constitution is barred because she has adequate non-constitutional state law remedies for the injuries alleged.

## SEVENTH AFFIRMATIVE DEFENSE

At all times relevant to the matters set forth in the Complaint, Defendant O. Wesley Stewart, in his individual, supervisory or official capacity, acted in good faith, acted lawfully, and otherwise complied with all pertinent statutory and regulatory authority, all of which are pled as a complete defense to the Plaintiff's claims asserted in this action.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of the injuries allegedly sustained or complained of by the Plaintiff, any such injury being denied, were not proximately caused by any action or failure to act on the part of Defendant O. Wesley Stewart, in his individual, supervisory or official capacity.

## FURTHER AFFIRMATIVE DEFENSES

Defendants reserve the right to assert such other affirmative defenses as may become available during the course of this litigation.

WHEREFORE, Defendants respectfully request that this Court:

1. Dismiss Plaintiff's claims with prejudice;

2. Enter an Order requiring Plaintiff to pay Defendants attorneys' fees and costs as permitted by statute;

3. A trial by jury of all matters so triable; and,

4. For any and other further relief deemed just and proper by the Court.

Respectfully submitted, this the 22nd day of January, 2021.

*/s/ Mary Craven Adams*
Mary Craven Adams
N.C. State Bar No. 23058
H. Stephen Robinson
N.C. State Bar No. 18401
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC  27101
Telephone: (336) 721-3735
Facsimile: (336) 733-8427
Email:  Mary.Adams@wbd-us.com
Email:  Stephen.Robinson@wbd-us.com

*Attorneys for Defendants*