IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-223-BO

| | |
|---|---|
| SARA CROWE,<br>              Plaintiff,<br><br>v.<br><br>O. WESLEY STEWART, individually and<br>in his capacity as the Director of Pender<br>County Department of Social Services, and<br>PENDER COUNTY DEPARTMENT OF<br>SOCIAL SERVICES,<br>              Defendants. | ORDER |

This cause comes before the Court on defendants' motion to seal complaint and substitute redacted copy in the public record and motion for emergency relief pending resolution of the motion. [DE 12]. Plaintiff has responded and the motion is ripe for ruling. For the reasons that follow, defendants' motion is granted in part and denied in part.

## BACKGROUND

Plaintiff initiated this action by filing a complaint on November 19, 2020. [DE 1]. Plaintiff is a social worker who was formerly employed by defendants. She alleges that her employment was terminated based upon unlawful retaliation. In her complaint, plaintiff references two cases which she contends led to her pretextual termination because of her refusal to comply with defendants' allegedly illegal and policy-breaking practices. The cases concern an abuse and neglect petition as well as a child investigatory and removal action. Plaintiff asserts claims against defendants under 41 U.S.C. § 4712, the North Carolina Whistleblower Act, N.C. Gen. Stat. § 126-84, and under the common law and North Carolina Constitution.

Defendants have appeared in this action and have moved to provisionally and permanently seal plaintiff's complaint and to file a redacted version in its place. Defendants contend that, although plaintiff has redacted the personally identifying information of the cases she references in her complaint, the cases are set forth in sufficient detail such that she has presented a substantial and unreasonable risk that persons in the relevant communities could recognize the persons involved and learn matters deemed confidential as a matter of law.

Plaintiff opposes the motion, arguing that she has complied with the relevant laws and policies favoring the protection of the privacy of minors and parties to juvenile proceedings and investigations. Following the filing of defendants' motion, the clerk made the original complaint available on the Court's electronic filing system only to court users and case participants. This satisfies defendants' request for emergency relief and the Court therefore grants that portion of defendants' motion.

## DISCUSSION

> The common law presumes a right to inspect and copy judicial records and documents. The common law presumption of access may be overcome if competing interests outweigh the interest in access, and a court's denial of access is reviewable only for abuse of discretion. Where the First Amendment guarantees access, on the other hand, access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.

*Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (internal citations omitted).

It is undisputed that the identity of the minors discussed in the complaint must remain confidential and that using redacted identifiers is an appropriate balance between access and protecting the identity of the minors. *See, e.g.,* Local Civil Rule 5.1; § IV(F) of the Policy Manual. This reasonably extends to the identity of the related parents or guardians for the same

2

reason. Plaintiff's complaint complies with this Court's rules and policies as she has utilized the a redacted version of the names of the persons involved in the cases discussed in the complaint.

Defendants request that other information related to the cases discussed in the complaint be redacted as well. They contend that Pender County is a small community and it will be easy to identify the children and families involved if the complaint includes specific information about their cases. Of primary concern to defendants is their duty under North Carolina law to keep all information received by the department of social services regarding reports of abuse, neglect, or dependency in the strictest confidence. *See* N.C. Gen. Stat. §§ 7B-302, 7B-2901.

Assuming, as defendants do, that the more stringent First Amendment standard applies, the Court finds that the majority of the redactions proposed by defendants are not narrowly tailored to serve the compelling governmental interest of maintaining the identities of children and families involved in proceedings within the department of social services private. First, plaintiff has not attached any record of the Pender County Department of Social Services to her complaint. Second, the circumstances referenced in the complaint are generally not so precise as to identify any particular person by their singular characteristics. In making this determination, the Court is instructed by the information disclosed by the North Carolina Court of Appeals in cases involving similar concerns.

For example, in *In re C.A.D.*, 247 N.C. App. 552 (2016), a case reviewing the trial court's decision to terminate a mother's parental rights, the court of appeals used pseudonyms to identify the children but identified the adults involved by their full names and discussed in detail the circumstances of abuse and neglect. The allegations in this complaint fall well-short of providing this level of identifying information.

3

However, the Court recognizes that in cases such as *In re C.A.D.*, the interests of the parties to the underlying juvenile custody or welfare proceeding are being adjudicated, whereas here plaintiff is providing third-party case information to support her own claims of retaliation. Accordingly, the Court determines that two additional redactions are appropriate in plaintiff's complaint to further obscure the identities of the parties at issue in the underlying social services proceedings. The Court orders plaintiff to file a complaint redacting the ages of the children in ¶ 33 and the cause of death listed in ¶¶ 11 and 16 of the complaint. The remaining redactions requested by defendants are denied.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion to seal the complaint and substitute redacted copy [DE 12] is GRANTED IN PART and DENIED IN PART. Plaintiff shall file a redacted version of her complaint in conformance with the foregoing within ten (10) days of the date of entry of this order. Plaintiff's original complaint shall remain available only to case participants and court users.

SO ORDERED, this 22 day of April, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE